**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOSE A.S.F.,

Petitioner,

Civil No. 26-4207 (JRT/DLM)

v.

TODD BLANCHE, *Attorney General of the United States*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*;

MARCOS CHARLES, *Acting Executive Associate Director for Enforcement and Removal Operations*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

U.S. DEPARTMENT OF HOMELAND SECURITY;

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT;

JOEL BROTT, *Sherburne County Sheriff*,

Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Nicholas Ratkowski, **RATKOWSKI LAW PLLC**, 332 Minnesota Street, Suite W1610, St. Paul, MN 55101, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Jose A.S.F. is a citizen of Mexico who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota. On September 29, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate, as relevant here, 8 U.S.C. § 1357(a)(2) and the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

The Court concludes that Respondents did not lawfully effectuate a warrantless arrest under 8 U.S.C. § 1357(a)(2). Consequently, the Court will grant the petition and order Petitioner's immediate release.

## BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection on an unknown date. (Pet. for Writ of Habeas Corpus ("Pet.") ¶¶ 42, 48 & Ex. B, Sept. 29, 2026, Docket No. 1.) He works at a restaurant in Bismarck, North Dakota, which is owned and managed by his family. (*Id.* ¶¶ 1, 47.) Petitioner has no criminal history. (Decl. of Benjamin Northwood ¶ 9 & Ex. 1 ("I-213") at 3, Oct. 6, 2026, Docket No. 6.)

On September 22, 2026, "ICE ERO, United States Border Patrol, the Bismarck Police Department, and the Burleigh County Sherriff[']s Office were conducting joint target enforcement operations." (I-213 at 2.) At approximately 8:30 a.m., as Petitioner was

arriving for work, he was surrounded by officers wearing body armor, grabbed, and handcuffed. (Pet. ¶¶ 50–53; I-213 at 2.) Petitioner alleges that no officer told him the reason for his arrest or "showed him a warrant or any other document before or during the arrest." (Pet. ¶ 54.) Officers then placed Petitioner in a vehicle and drove him to a Walmart parking lot. (*Id.* ¶ 56.) ICE records indicate that Petitioner was driving a vehicle registered to him. (I-213 at 2.) ICE records also indicate that Petitioner confirmed his name and "admitted to being born in Mexico" as well as telling the officers that "he has a pending claim for political asylum" but that his status has not yet been adjusted to that of a Lawful Permanent Resident. (*Id.*) Based on his pending asylum application, Petitioner holds an employment authorization document that is valid through March 30, 2030; and he has a Social Security number and a North Dakota driver's license. (Pet. ¶ 45.)

According to ICE's records, "Officers placed [Petitioner] under arrest for immigration violations and transported to a safe location where he was served an I-200 Warrant of Arrest." I-213 at 2.) "[Petitioner] was then transported to the Burleigh Morton Detention Center for administrative case processing." (*Id.*) Respondents concede that "[p]etitioner was arrested before the issuance of an administrative warrant." (Resp., Oct. 6, 2026, Docket No. 5.)

On September 29, 2026, Petitioner filed a petition for writ of habeas corpus challenging the lawfulness of his detention. (Docket No. 1.) Respondents timely filed a response. (Docket No. 5.) Petitioner replied. (Docket No. 7.)

## DISCUSSION

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001). "[G]overnment detention violates [the Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and 'narrow' nonpunitive 'circumstances'[.]" *Id.* at 690 (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

Respondents[1] argue that Petitioner's detention is lawful and mandatory under 8 U.S.C. § 1225(b)(2). But Respondents readily admit that ICE officers effectuated a warrantless arrest. "[I]t does not follow that Petitioner can be arrested and detained pursuant to § 1225(b)(2) without first complying with 8 U.S.C. § 1357(a), which addresses

[1] "Respondents" here includes only Federal Respondents, as no response was submitted on behalf of Joel Brott.

federal immigration officials' authority to make warrantless arrests." *Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701, at *2 (D. Minn. May 5, 2026). Under 8 U.S.C. § 1357(a)(2), an immigration officer may "arrest any [noncitizen] in the United States" without a warrant "if he has reason to believe that the [noncitizen] . . . is in the United States in violation of any such law or regulation **and** is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). The Eighth Circuit has interpreted "reason to believe" to mean "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

The Court will not address whether ICE had reason to believe Petitioner was in violation of immigration laws when ICE officers arrested him, given Petitioner's voluntary statement that he is an asylum applicant.

However, even if Petitioner is present in the United States in violation of the immigration laws, Respondents have not demonstrated that Respondents was likely to escape. The Supreme Court has not interpreted "likely to escape," but has explained that warrantless arrests should be conducted only in "specific, limited circumstances." *Arizona v. United States*, 567 U.S. 387, 410 (2012). The inquiry into whether a person is likely to evade immigration officers "considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizen at 'another clearly identifiable location.'" *Walther Ademir A.S. v. Blanche*, Civ. No. 26-2804, 2026 WL

1734906, at *3 (D. Minn. June 16, 2026) (quoting *Escobar Molina v. U.S. Dep't of Homeland Sec.*, Civ. No. 25-3417, 2026 WL 1256234, at *10 (D.D.C. May 7, 2026)). ICE Guidance from January 2026 coheres with this interpretation—former ICE Acting Director Todd Lyons interpreted "likely to escape" as meaning that the individual is "unlikely to be located at the scene of the encounter **or another clearly identifiable location once an administrative warrant is obtained**." *Hussen v. Noem*, 822 F. Supp.3d 944, 981–82 (D. Minn. 2026) (emphasis added).

The Court therefore considers not just if Petitioner was "likely to escape before a valid warrant could be obtained and properly executed," *Francisco M.A.*, 2026 WL 1229701 at *3, but also "whether it was likely that ICE officers would be able to locate [Petitioner] after obtaining a warrant to arrest him," *Walther Ademir A.S.*, 2026 WL 173906, at *3.

That Petitioner was in his vehicle (having just arrived at work) supports that he may have been likely to escape before a warrant could be issued. *But see Jany W.G.C. v. Easterwood*, Civ. No. 26-3486, 2026 WL 2364413, at *2 (D. Minn. Aug. 14, 2026) (noting that the Court "is skeptical that mere access to a vehicle gives rise to probable cause that a noncitizen is likely to flee"). But Respondents failed to show that ICE officers would not be able to arrest Petitioner at another identifiable location after obtaining an administrative warrant. First, Petitioner had just arrived at his place of work where, presumably, he could have been located any time in the following hours. Moreover,

Respondents indicate they identified Petitioner by running a record search on his vehicle. Respondents make no argument why ICE officers would not be able to later locate Petitioner at his vehicle's registered address. Further, Petitioner has a North Dakota driver's license, a social security card, and an employment authorization document—all of which make it likely that ICE officers would be able to locate Petitioner at a later time, after obtaining a warrant to arrest him.

In sum, the record does not establish that ICE officers would be unable to locate Petitioner after obtaining a warrant to arrest him. Because Respondents have not shown that Petitioner was likely to escape, they failed to comply with the requirements for arresting a noncitizen without a warrant in 8 U.S.C. § 1357. Respondents therefore improperly arrested and detained Petitioner under 8 U.S.C. § 1225(b)(2).

Accordingly, Petitioner's detention is unlawful. And as in other similar cases, the Court concludes that the appropriate remedy is release from custody. *See, e.g.*, *Manuel P.N. v. Easterwood*, Civ. No. 26-3799, 2026 WL 2823650, at *2 (D. Minn. Sept. 21, 2026); *Ivan F.M. v. Blanche*, Civ. No. 26-4012 , 2026 WL 2935475, at *3 (D. Minn. Sept. 30, 2026).[2]

[2] In reaching these conclusions, the Court offers no view on Petitioner's claims under the United States Constitution.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Jose A.S.F.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED** as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**. Respondents shall coordinate with Petitioner's counsel regarding the time and location of release.
2. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices. Respondents shall ensure that all money in Petitioner's possession at the time of his arrest is returned to him at the time of his release.
3. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 4:00 p.m. on October 17, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation by **no later than 4:00 pm on October 19, 2026**.

DATED: October 14, 2026
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge